[No. 20812.   Department One.   November 15, 1927.]

EDGAR W. HEMSWORTH, *Respondent*, v. CHARLES B. SHOEMAKER *et al., Appellants.*[1]

[1] TRIAL (43)—CONDUCT OF COUNSEL—SHOWING INDEMNITY INSURANCE. In a damage case, error cannot be assigned in improperly bringing out before the jury the fact that defendant carried indemnity insurance, where it was first testified to by defendant himself on direct examination, and plaintiff's counsel merely cross-examined him thereon in a proper manner.

[2] APPEAL (126)—PRESENTATION OF GROUNDS—OBJECTIONS—ARGUMENT AND CONDUCT OF COUNSEL. Error cannot be assigned on argument of counsel on the fact that defendant carried indemnity insurance, where the record on appeal fails to show anything on the subject.

[3] MUNICIPAL CORPORATIONS (391, 392)—USE OF STREETS—COLLISION OF AUTOS — CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS. An instruction upon the theory of the shifting of the burden of proof (applicable where the plaintiff admits or the proof shows his contributory negligence), is properly denied where the plaintiff's claim and evidence was at all times to the effect that defendant was wholly at fault.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered May 10, 1927, upon the verdict of a jury, rendered in favor of the plaintiff, in an action for damages through an auto collision. Affirmed.

*O. R. Schumann* and *Nat U. Brown,* for appellants.
*Edward A. Davis,* for respondent.

MITCHELL, J.—This action arose out of a collision between an automobile truck owned and driven by Edgar W. Hemsworth, and a touring car owned and driven by Charles B. Shoemaker. Hemsworth brought the action. Verdict and judgment were in his favor. The defendants have appealed.

[1]Reported in 261 Pac. 84.

The assignments of error relate only to a denial of the motion for a new trial.

[1]   (1) It is contended that counsel for the respondent committed prejudicial error in repeatedly bringing out before the jury the fact that appellants' car was covered by insurance. However, the record shows that the first reference to that matter occurred in the direct examination of the appellant when, in answer to a question by his own counsel, he said: "Well, I had been talking to Mr. Warden, reporting the accident to him on account of the fact that he had written the insurance, etc.," further stating that he gave the agent his version of the accident and immediately upon coming out of the agent's office he told the respondent of his making the report and advised him to have a talk with the agent. Respondent's attorney in a limited and proper way cross-examined the appellant upon that subject. There was no objection whatever interposed to the cross-examination. Later in the same cross-examination the court, upon objection, refused to allow any further reference to that matter.

[2]   Still further in this respect, it is claimed that, in arguing the case to the jury, counsel for the respondent used prejudicial language with reference to the insurance. But the record as presented here shows nothing whatever upon that subject. If anything upon that subject occurred during the argument it has not been preserved in the record.

[3]   (2) One of the defenses was contributory negligence, and it is contended that the court erred in refusing to give an instruction requested by the appellants to the effect that, under certain circumstances designated, the burden of proof shifted to the respondent to show that his negligence did not proximately contribute to the injury. The theory of the requested

instruction rests upon the case of *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20. That was a case of a collision between an automobile and a taxicab. However, in that case the plaintiff was guilty of negligence *per se* in violation of a traffic ordinance at the time of the collision. The plaintiff did not dispute it. Upon that point the opinion reads:

"All the evidence shows that, on approaching the intersection, the automobile driver drove near the center of the avenue and turned to the left as he entered the street, passing a considerable distance to the left of the center of the intersection."

It was therefore held that,

". . . since the respondents were themselves guilty of negligence, the burden was on them to show that their negligence did not contribute to the injury, and this burden they did not meet."

But no such situation exists here. The contention of the respondent in this case at all times was that he was wholly without fault or negligence, and the jury found that way upon substantial testimony. The questions of contributory negligence, burden of proof and proximate cause were fully and correctly covered by the instructions that were given, under the facts and circumstances proven upon the trial of the case.

(3) It is assigned as error that the verdict was contrary to the evidence. Each side introduced evidence that the other party was wholly at fault. It was a case for the jury.

Affirmed.

Mackintosh, C. J., Parker, Tolman, and French, JJ., concur.